**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

George Smith, Appellant.

Appellate Case No. 2025-000772

─────────────

Appeal From Clarendon County
R. Ferrell Cothran, Jr., Circuit Court Judge

─────────────

Unpublished Opinion No. 2026-UP-327
Submitted June 1, 2026 – Filed July 1, 2026

─────────────

**AFFIRMED**

─────────────

Elizabeth Anne Franklin-Best, of Elizabeth
Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Mark Reynolds
Farthing, both of Columbia, for Respondent.

─────────────

**PER CURIAM:** George Smith appeals the circuit court's denial of his motion for a new trial pursuant to Rule 29(b) of the South Carolina Rules of Criminal Procedure. On appeal, Smith argues the circuit court abused its discretion because his trial counsel's representation of the victim's brother in a separate matter created

a conflict of interest.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not abuse its discretion in denying Smith's motion for a new trial based on after-discovered evidence because Smith's 2019 motion was untimely as it was not made within one year after the date of actual discovery or after the date when the evidence could have been ascertained by the exercise of reasonable diligence.  *See State v. Harris*, 391 S.C. 539, 545, 706 S.E.2d 526, 529 (Ct. App. 2011) ("'The granting of a new trial because of after-discovered evidence is not favored,' and [an appellate court] will affirm the trial court's denial of such a motion unless the trial court abused its discretion." (quoting *State v. Irvin*, 270 S.C. 539, 545, 243 S.E.2d 195, 197-98 (1978))); Rule 29(b), SCRCrimP ("A motion for a new trial based on after-discovered evidence must be made within one (1) year after the date of actual discovery of the evidence by the defendant or after the date when the evidence could have been ascertained by the exercise of reasonable diligence."); *Harris*, 391 S.C. at 545, 706 S.E.2d at 529 ("In order to warrant the granting of a new trial on the ground of after-discovered evidence, the movant must show the evidence (1) is such as will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial by the exercise of due diligence; (4) is material to the issue; and (5) is not merely cumulative or impeaching.").  The information Smith claims was new evidence was available at the time he proceeded to trial in 2009 and Smith demonstrated he knew of the information during his 2014 post-conviction relief hearing testimony; however, Smith did not move for a new trial until 2019.   Additionally, Smith failed to show his trial counsel had an actual conflict of interest.  *See State v. Gregory*, 364 S.C. 150, 153, 612 S.E.2d 449, 450 (2005) ("[A]n actual conflict of interest occurs . . . 'when a defense attorney places himself in a situation inherently conducive to divided loyalties . . . .  If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists.'" (quoting *Duncan v. State*, 281 S.C. 435, 438, 315 S.E.2d 809, 811 (1984))); *id.* at 152-53, 612 S.E.2d at 450 ("The mere possibility defense counsel may have a conflict of interest is insufficient to impugn a criminal conviction."); *State v. Sterling*, 377 S.C. 475, 479, 661 S.E.2d 99, 101 (2008) ("In order to prove a per se Sixth Amendment violation, the defendant must show that counsel acted under an actual conflict of interest."); *id.* ("[P]rejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" (quoting *Strickland v. Washington*, 466 U.S. 668, 692 (1984))).  Accordingly, we hold the circuit court did not abuse its discretion in denying Smith's motion for a new trial based on after-discovered evidence.

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.